# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO RENARD CALDWELL,<br><br>         Plaintiff,<br><br>   v.<br><br>R. E. MURPHY,<br><br>         Defendant.<br>_____/ | 1:06-cv-00601-OWW-GSA-PC<br><br>ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(Doc. 8.) |

   Plaintiff Gino Renard Caldwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 17, 2006. (Doc. 1.) On September 15, 2006, plaintiff filed the first amended complaint. (Doc. 8.) On July 15, 2008, the court dismissed the first amended complaint and ordered plaintiff to either file a second amended complaint or notify the court of his willingness to proceed with the claims found cognizable by the court in the first amended complaint. (Doc. 13.)[1]   On July 29, 2008,

---

[1] Plaintiff names only one defendant in this action, R. E. Murphy ("defendant"). In the order of July 15, 2008, the court found that plaintiff states cognizable claims against defendant for excessive force under the Eighth Amendment and for violation of plaintiff's rights to Due Process. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002); Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Superintendent v. Hill 472 U.S. 445, 454 (1985); Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986); Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992); Ponte v. Real, 471 U.S. 491, 495 (1985); Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987); Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999); Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997). The court found that plaintiff failed to state a cognizable claim for relief under § 1983 against defendant for retaliation.

1

plaintiff filed a notice indicating he does not wish to file a second amended complaint and is willing to proceed only with the claims found cognizable by the court.[2]

Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendant:

    CORRECTIONAL OFFICER R. E. MURPHY

2. The Clerk of the Court shall send plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed September 15, 2006.

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for the defendant listed above; and

    c. Two (2) copies of the endorsed first amended complaint filed September 15, 2006.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

Dated:   **August 11, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] In a Findings and Recommendations issued concurrently with this order, the court recommended that plaintiff's retaliation claim against defendant be dismissed for failure to state a claim upon which relief may be granted under section 1983.